USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _11/10/2021_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINA CONTURSI MACHADO DA SILVEIRA,

                Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION; PRINCIPAL MELATINA HERNANDEZ, PS 123 MAHALIA JACKSON SCHOOL,

                Defendants.

21-CV-9160 (AT)

ORDER OF SERVICE

ANALISA TORRES, United States District Judge:

       Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 (ADEA), the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990 (ADA), and the New York State and City Human Rights Laws, alleging that her employer discriminated against her based on her national origin, age, and disability. By order dated November 8, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").

**DISCUSSION**

       Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served

the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued.  The Court therefore extends the time to serve until 90 days after the date summonses are issued.  If the complaint is not served within that time, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants the New York City Department of Education; and Principal Melatina Hernandez, PS 123 Mahalia Jackson School, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants.  The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue summonses, complete the USM-285 forms with the addresses for the New York City Department of Education; and Principal Melatina Hernandez, PS 123 Mahalia Jackson School, and deliver all documents necessary to effect service to the U.S. Marshals Service.

      The Clerk of Court is further directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated:   November 10, 2021
           New York, New York

_____
ANALISA TORRES
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. New York City Department of Education
   52 Chambers Street
   New York, New York 10007

2. Principal Melatina Hernandez
   PS 123, Mahalia Jackson School
   301 West 140th Street
   New York, New York 10030